UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

FELIX URGILES,

                           Plaintiff,

-against-

DEPARTMENT OF CORRECTIONS OF
NEW YORK STATE, *et al.*

                         Defendants.

VALENTIN ORDER

20-CV-4373 (PMH)

PHILIP M. HALPERN, United States District Judge:

      Plaintiff, currently incarcerated at Downstate Correctional Facility, brings this *pro se* action under 42 U.S.C. § 1983, alleging that correction officers and medical staff at the facility used excessive force and were deliberately indifferent to Plaintiff's medical needs in violation of the Eighth Amendment. By order dated June 19, 2020, the Court granted Plaintiff's request to proceed *in forma pauperis*.[1]

## STANDARD OF REVIEW

      The Prison Litigation Reform Act requires that federal courts screen complaints brought by prisoners who seek relief against a governmental entity or an officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). The court must dismiss a prisoner's in forma pauperis complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b); *see Abbas v. Dixon*, 480 F.3d 636, 639

---

[1] Under 28 U.S.C. § 1915(b)(1), prisoners must pay the full amount of the $350.00 filing fee even when they have been granted permission to proceed *in forma pauperis*.

(2d Cir. 2007). The court must also dismiss a complaint if the court lacks subject matter jurisdiction. See Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

## DISCUSSION

### A.   Department of Corrections

"[A]s a general rule, state governments may not be sued in federal court unless they have waived their Eleventh Amendment immunity, or unless Congress has abrogated the states' Eleventh Amendment immunity . . . ." *Gollomp v. Spitzer*, 568 F.3d 355, 366 (2d Cir. 2009). "The immunity recognized by the Eleventh Amendment extends beyond the states themselves to state agents and state instrumentalities that are, effectively, arms of a state." *Id*. New York has not waived its Eleventh Amendment immunity to suit in federal court, and Congress did not abrogate the states' immunity in enacting 42 U.S.C. § 1983. *See Trotman v. Palisades Interstate Park Comm'n*, 557 F.2d 35, 40 (2d Cir. 1977). Plaintiff's § 1983 claims against the New York State Department of Corrections and Community Supervision (DOCCS) are therefore barred by the Eleventh Amendment. *See* 28 U.S.C. § 1915(e)(2)(B)(iii).

Moreover, because § 1983 provides that an action may be maintained against a "person" who has deprived another of rights under the "Constitution and Laws," and the Department of

2

Corrections is not a "person" within the meaning of § 1983, *see generally Will v. Mich. Dep't of State Police*, 491 U.S. 58 (1989) (state is not a "person" for the purpose of § 1983 claims); *Zuckerman v. Appellate Div., Second Dep't Supreme Court*, 421 F.2d 625, 626 (2d Cir. 1970) (court not a "person" within the meaning of 42 U.S.C. § 1983); *Whitley v. Westchester Cty. Corr. Facility Admin.*, No. 97-CV-0420 (SS), 1997 WL 659100, at *7 (S.D.N.Y. Oct. 22, 1997) (correctional facility or jail not a "person" within the meaning of § 1983), Plaintiff fails to state a claim against DOCCS, *see* 28 U.S.C. § 1915(e)(2)(B)(ii).

**B.**     ***Valentin* Order**

Under *Valentin v. Dinkins*, a *pro se* litigant is entitled to assistance from the district court in identifying a defendant. 121 F.3d 72, 76 (2d Cir. 1997). In the complaint, Plaintiff supplies sufficient information to permit the New York State Attorney General (AG) to identify the correction officers who he alleges physically assaulted him on May 5, 2020, the nurses who he claims denied him medical attention on March 19, March 24, and March 25, 2020,[2] and the doctor he claims provided poor medical attention to him on or about or between March 27 and March 31, 2020.[3] It is therefore ordered that the AG, who is the attorney for and agent of DOCCS, must ascertain the identity and badge number of each John Doe correction officer, the identity of each John Doe nurse, and the identity of the Jane Doe doctor whom Plaintiff seeks to sue here and the addresses where these defendants may be served. The AG must provide this information to Plaintiff and the Court within sixty days of the date of this order.

---

[2] Plaintiff states that nurses denied him care on either March 24, 2020, or March 25, 2020. (Doc. No. 2, at 3.)

[3] Plaintiff alleges that a doctor failed to provide adequate medical care at the time that Jane Doe Doctor spoke to Plaintiff about COVID-19's effect and symptoms. (Doc. No. 2, at 3).

3

Within thirty days of receiving this information, Plaintiff must file an amended complaint naming the John Doe and Jane Doe defendants. The amended complaint will replace, not supplement, the original complaint. An amended complaint form that Plaintiff should complete is attached to this order. Once Plaintiff has filed an amended complaint, the Court will screen the amended complaint and, if necessary, issue an order directing the Clerk of Court to complete the USM-285 forms with the addresses for the named John Doe and Jane Doe Defendants and deliver all documents necessary to effect service to the U.S. Marshals Service.

## **CONCLUSION**

The Clerk of Court shall serve a copy of this order to Plaintiff, together with an information package. An Amended Civil Rights Complaint form is attached to this order.

The Court dismisses Plaintiff's claims against the New York State Department of Corrections and Community Supervision. *See* 28 U.S.C. § 1915(e)(2)(B)(ii)-(iii).

The Clerk of Court is directed to mail a copy of this order and the complaint to the New York State Attorney General at: 28 Liberty St., 16th Floor, New York, NY 10005.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

**SO ORDERED:**

Dated:   New York, New York
        June 24, 2020

_____
PHILIP M. HALPERN
United States District Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

\_\_\_\_\_CV_____

Write the full name of each plaintiff.

(Include case number if one has been assigned)

-against-

**COMPLAINT**

(Prisoner)

Do you want a jury trial?
☐ Yes    ☐ No

Write the full name of each defendant. If you cannot fit the names of all of the defendants in the space provided, please write "see attached" in the space above and attach an additional sheet of paper with the full list of names. The names listed above must be identical to those contained in Section IV.

**NOTICE**

The public can access electronic court files. For privacy and security reasons, papers filed with the court should therefore *not* contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include *only*: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number. See Federal Rule of Civil Procedure 5.2.

Rev. 5/20/16

**I.      LEGAL BASIS FOR CLAIM**

State below the federal legal basis for your claim, if known. This form is designed primarily for prisoners challenging the constitutionality of their conditions of confinement; those claims are often brought under 42 U.S.C. § 1983 (against state, county, or municipal defendants) or in a "*Bivens*" action (against federal defendants).

☐    Violation of my federal constitutional rights

☐    Other: _____

**II.     PLAINTIFF INFORMATION**

Each plaintiff must provide the following information. Attach additional pages if necessary.

_____
First Name          Middle Initial          Last Name

State any other names (or different forms of your name) you have ever used, including any name you have used in previously filing a lawsuit.

Prisoner ID # (if you have previously been in another agency's custody, please specify each agency and the ID number (such as your DIN or NYSID) under which you were held)

Current Place of Detention

Institutional Address

_____
County, City                    State              Zip Code

**III.    PRISONER STATUS**

Indicate below whether you are a prisoner or other confined person:

☐    Pretrial detainee
☐    Civilly committed detainee
☐    Immigration detainee
☐    Convicted and sentenced prisoner
☐    Other: _____

## IV. DEFENDANT INFORMATION

To the best of your ability, provide the following information for each defendant. If the correct information is not provided, it could delay or prevent service of the complaint on the defendant. Make sure that the defendants listed below are identical to those listed in the caption. Attach additional pages as necessary.

Defendant 1:

| First Name | Last Name | Shield # |

Current Job Title (or other identifying information)

Current Work Address

| County, City | State | Zip Code |

Defendant 2:

| First Name | Last Name | Shield # |

Current Job Title (or other identifying information)

Current Work Address

| County, City | State | Zip Code |

Defendant 3:

| First Name | Last Name | Shield # |

Current Job Title (or other identifying information)

Current Work Address

| County, City | State | Zip Code |

Defendant 4:

| First Name | Last Name | Shield # |

Current Job Title (or other identifying information)

Current Work Address

| County, City | State | Zip Code |

## V.   STATEMENT OF CLAIM

Place(s) of occurrence:

Date(s) of occurrence:

**FACTS:**

State here briefly the FACTS that support your case. Describe what happened, how you were harmed, and how each defendant was personally involved in the alleged wrongful actions. Attach additional pages as necessary.

**INJURIES:**

If you were injured as a result of these actions, describe your injuries and what medical treatment, if any, you required and received.

## VI. RELIEF

State briefly what money damages or other relief you want the court to order.

## VII. PLAINTIFF'S CERTIFICATION AND WARNINGS

By signing below, I certify to the best of my knowledge, information, and belief that: (1) the complaint is not being presented for an improper purpose (such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation); (2) the claims are supported by existing law or by a nonfrivolous argument to change existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Federal Rule of Civil Procedure 11.

I understand that if I file three or more cases while I am a prisoner that are dismissed as frivolous, malicious, or for failure to state a claim, I may be denied *in forma pauperis* status in future cases.

I also understand that prisoners must exhaust administrative procedures before filing an action in federal court about prison conditions, 42 U.S.C. § 1997e(a), and that my case may be dismissed if I have not exhausted administrative remedies as required.

I agree to provide the Clerk's Office with any changes to my address. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Each Plaintiff must sign and date the complaint. Attach additional pages if necessary. If seeking to proceed without prepayment of fees, each plaintiff must also submit an IFP application.

_____    _____
Dated                              Plaintiff's Signature

_____
First Name          Middle Initial          Last Name

_____
Prison Address

_____
County, City                    State                    Zip Code

Date on which I am delivering this complaint to prison authorities for mailing: _____

Page 6