UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------X
FELIX URGILES,

                      Plaintiff,

v.                                                ORDER TO SHOW CAUSE

DEPARTMENT OF CORRECTIONS OF NEW     20-CV-04373 (PMH)
YORK STATE, et al.,

                      Defendants.
----------------------------------------------------------X

PHILIP M. HALPERN, United States District Judge:

      Plaintiff, proceeding *pro se* and *in forma pauperis*, commenced this action on June 5, 2020. (Doc. 2). Plaintiff's Complaint named the New York State Department of Corrections and Community Supervision, and John Doe corrections officers, nurses, and doctor, as Defendants. On June 24, 2020, I issued an Order which dismissed Plaintiff's claims against the New York State Department of Corrections and Community Supervision, and directed the New York State Attorney General to identify, pursuant to *Valentin v. Dinkins*, 121 F.3d 72, 76 (2d Cir. 1997), the John Doe correction officer, the identity of each John Doe nurse, and the identity of the Jane Doe doctor (the "John Doe Defendants") within 60 days so that service could be effectuated. (*Id.*).

      On August 24, 2020, the New York State Attorney General filed a letter indicating that it was unable to identify the John Doe Defendants. (Doc. 9).  On August 25, 2020 the Court directed Plaintiff to file an amended complaint by September 25, 2020, "specifying the information set forth in the Attorney General's letter in order for them to assist him in identifying the John Doe Defendants." (Doc. 10). The Court notified Plaintiff that "[i]n the event Plaintiff fails to file an amended complaint supplying the information necessary to aid in the determination of the identities of the John Doe Defendants, this action may be dismissed." (*Id.*). Plaintiff has neither filed an amended complaint nor provided any additional descriptive information about the John Doe Defendants.

Under Federal Rule of Civil Procedure 41(b), "a district judge may, *sua sponte*, and without notice to the parties, dismiss a complaint for want of prosecution…." *Taub v. Hale*, 355 F.2d 201, 202 (2d Cir. 1966); *West v. City of New York*, 130 F.R.D. 522, 524 (S.D.N.Y. 1990); *Lewis v. Hellerstein*, No. 14-CV-07886, 2015 WL 4620120, at *1-2 (S.D.N.Y. July 29, 2015); *Haynie v. Dep't of Corr.*, No. 15-CV-4000, 2015 WL 9581783, at *1-2 (S.D.N.Y. Dec. 30, 2015). Plaintiff's failure to prosecute this action or comply with the Court's orders has impeded the Court's efforts to "avoid calendar congestion and ensure an orderly and expeditious disposition of cases." *Cortez v. Suffolk Cty. Corr. Facility*, No. 15-CV-1957, 2016 WL 6302088, at *2 (E.D.N.Y. Oct. 25, 2016).

Accordingly, it is hereby ORDERED that Plaintiff show cause in writing on or before November 13, 2020, why this action should not be dismissed with prejudice for want of prosecution pursuant to Fed. R. Civ. P. 41(b). Failure to comply with this Court's Order will result in dismissal of this case for want of prosecution.

The Clerk of Court is respectfully directed to mail a copy of this Order to Plaintiff at the address listed on ECF.

SO-ORDERED:

Dated:  New York, New York
       October 14, 2020

_____
Philip M. Halpern, U.S.D.J.