UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
FELIX URGILES,

                        Plaintiff,

v.                                                               ORDER

DEPARTMENT OF CORRECTIONS OF NEW      20-CV-04373 (PMH)
YORK STATE, et al.,

                        Defendants.
-----------------------------------------------------------X

PHILIP M. HALPERN, United States District Judge:

       On October 14, 2020, the Court issued an Order to Show Cause why this action should not be dismissed with prejudice for want of prosecution pursuant to Fed. R. Civ. P. 41(b). (Doc. 11). On October 29, 2020, the Court received a letter from the *pro se* Plaintiff dated October 19, 2020. (Doc. 12). As an initial matter, the Court reiterates to Plaintiff that its prior Orders did not instruct Plaintiff to provide the names of the John Doe correction officers, nurses and doctors (the "John Doe Defendants"); rather, the Court has instructed Plaintiff to provide more specific details about the dates and times that he is alleging that he was mistreated by correction officers, nurses and doctors; the number of different nurses, correction officers and doctors he seeks to name as defendants in this lawsuit; and physical descriptions (including gender, height, approximate weight, hair color, skin tone, any other defining feature) of these John Doe Defendants. (Docs. 10, 11).

       In his letter, Plaintiff provided the name of a putative defendant, Sergeant Brown, who was not named as a defendant in Plaintiff's complaint, but appears to have been described in his pleading as the John Doe Sergeant who told Plaintiff to "keep grieving" on May 5, 2020. (*See* Doc. 2). Thus, the Court directs the New York State Attorney General to review the information

contained in Plaintiff's October 19, 2020 letter, ascertain the identity and badge number of the Sergeant described therein, and to advise whether the information contained in Plaintiff's letter assists in identifying any of the John Doe Defendants. The New York State Attorney General's response is due by November 16, 2020.

Plaintiff's October 19, 2020 letter also requested the appointment of *pro bono* counsel. (*See* Doc. 12). For the following reasons, Plaintiff's application is denied.

Unlike in criminal proceedings, in civil cases, the Court does not have the power to obligate attorneys to represent indigent *pro se* litigants in civil cases. *Mallard v. U.S. Dist. Court for the S. Dist. of Iowa*, 490 U.S. 296, 301–310 (1989). Instead, pursuant to 28 U.S.C. § 1915(e)(l), the Court may, at its discretion, order that the *Pro Se* Office request an attorney to represent an indigent litigant by placing the matter on a list circulated to attorneys who are members of the Court's *pro bono* panel. *See Palacio v. City of New York,* 489 F. Supp. 2d 335, 344 (S.D.N.Y. 2007). The Second Circuit set forth the standards governing the appointment of counsel in *pro se* cases in *Hendricks v. Coughlin,* 114 F.3d 390, 392 (2d Cir. 1997), *Cooper v. A. Sargenti Co.,* 877 F.2d 170, 172 (2d Cir. 1989), and *Hodge v. Police Officers,* 802 F.2d 58, 60-62 (2d Cir. 1986). These cases direct the district courts to "first determine whether the indigent's position seems likely to be of substance," *Hodge,* 802 F.2d at 61, and then, if this threshold is met, to consider the complexity of the legal issues, and the need for expertly conducted cross-examination to test veracity." *Cooper,* 877 F.2d at 172; *accord Hendricks,* 114 F.3d at 392 (quoting *Hodge,* 802 F.2d at 61-62). "Even where the claim is not frivolous, counsel is often unwarranted where the indigent's chances of success are extremely slim," and the Court should determine whether the *pro se* litigant's "position seems likely to be of substance," or shows "some chance of success." *Hodge,* 802 F.2d at 60-61.

In his instant application, Plaintiff does not provide a reason why he requires the appointment of *pro bono* counsel in this case. (*See* Doc. 12). This action is still in its early stages, defendants have

not yet been identified or named, let alone served with process, and there is no indication that Plaintiff's position seems likely to be of substance or that there are particularly complex issues requiring the appointment of *pro bono* counsel. The Court is also unable to determine that Plaintiff is unable to handle this case without assistance, although this conclusion may change as the action continues. Therefore, because the Court does not find any circumstances which warrant the appointment of *pro bono* counsel at this time, Plaintiff's application must be DENIED without prejudice to renew it at a later stage in the proceedings.

Accordingly, the New York State Attorney General is directed to provide a response to Plaintiff's letter (Doc. 12) by November 16, 2020. Plantiff's request for *pro bono* counsel (*id.*) is denied without prejudice to Plaintiff's renewed application later in the case. The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Clerk of Court is respectfully directed to mail a copy of this Order to Plaintiff at the address listed on ECF.

SO-ORDERED:

Dated: New York, New York
       November 2, 2020

_____
Philip M. Halpern, U.S.D.J.