UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
FELIX URGILES,

                        Plaintiff,

v.                                                                   ORDER

DEPARTMENT OF CORRECTIONS OF NEW        20-CV-04373 (PMH)
YORK STATE, et al.,

                        Defendants.
-----------------------------------------------------------X

PHILIP M. HALPERN, United States District Judge:

      On June 5, 2020, Plaintiff, currently incarcerated at Clinton Correctional Facility, commenced this *pro se* action under 42 U.S.C. § 1983, alleging that correction officers at Downstate Correctional Facility used excessive force, failed to provide him adequate medical care before and after he was diagnosed with COVID-19, and verbally abused him. (*See* Doc. 2). On June 24, 2020, the Court issued an Order which, *inter alia*, directed the New York State Attorney General ("NYAG") to identify the defendant John Doe correction officers, nurses and doctors (the "John Doe Defendants") in Plaintiff's complaint. (Doc. 6). On August 24, 2020, the NYAG filed a letter in response to the Court's *Valentin* Order, indicating that it was unable to identify the John Doe Defendants named in Plaintiff's Complaint. (Doc. 9). On August 25, 2020 the Court directed Plaintiff to file an amended complaint by September 25, 2020, "specifying the information set forth in the Attorney General's letter in order for them to assist him in identifying the John Doe Defendants." (Doc. 10). The Court notified Plaintiff that "[i]n the event Plaintiff fails to file an amended complaint supplying the information necessary to aid in the determination of the identities of the John Doe Defendants, this action may be dismissed." (*Id.*). Plaintiff neither filed

an amended complaint nor provided any additional descriptive information about the John Doe Defendants.

On October 14, 2020, the Court issued an Order to Show Cause why this action should not be dismissed for want of prosecution. (Doc. 11). By letter dated October 19, 2020, Plaintiff responded to the Court's Order to Show Cause. (Doc. 12). In light of Plaintiff's response, on November 17, 2020, the Court issued an Order directing the NYAG to review the information set forth in Plaintiff's letter and advise whether the information contained therein could assist in identifying any of the John Doe Defendants. (Docs. 13, 14). On December 16, 2020, the NYAG advised that it was unable to assist Plaintiff in identifying the John Doe Defendants sued herein with the information provided by Plaintiff. (Doc. 15). Accordingly, on December 18, 2020, the Court issued an Order directing Plaintiff to file an amended complaint by January 25, 2021, providing details about the John Doe Defendants he seeks to sue to potentially enable the NYAG to identify them. (Doc. 16). Plaintiff neither filed an amended complaint nor provided any additional descriptive information about the John Doe Defendants.

On February 18, 2021, the Court issued an Order to Show Cause, warning Plaintiff that this action would be dismissed under Federal Rule of Civil Procedure 41(b) unless, on or before March 18, 2021, "Plaintiff show[ed] cause in writing . . . why this action should not be dismissed . . . for want of prosecution . . . ." (Doc. 17). The Court's Order to Show Cause warned Plaintiff that "[f]ailure to comply with this Court's Order will result in dismissal of this case for want of prosecution." (*Id.*). The docket reflects that the Order to Show Cause was mailed to Plaintiff by the Clerk's Office at the address provided by Plaintiff.  Plaintiff has not responded or otherwise communicated with the Court to date.

**STANDARD OF REVIEW**

The Second Circuit has recognized that Federal Rule of Civil Procedure 41(b), in combination with "the inherent power of a court to dismiss for failure to prosecute, a district judge may, *sua sponte*, and without notice to the parties, dismiss a complaint for want of prosecution, and such dismissal is largely a matter of the judge's discretion." *Taub v. Hale*, 355 F.2d 201, 202 (2d Cir. 1966); *see also West v. City of New York*, 130 F.R.D. 522, 524 (S.D.N.Y. 1990) ("[T]he Supreme Court has recognized the inherent power of a district judge to dismiss a case for the plaintiff's failure to prosecute."); *Lewis v. Hellerstein*, No. 14-CV-7886, 2015 WL 4620120, at *3-4 (S.D.N.Y. July 29, 2015) (dismissing *pro se* complaint for want of prosecution after the plaintiff failed to file an amended complaint or submit other filings for four months); *Haynie v. Dep't of Corr.*, No. 15-CV-4000, 2015 WL 9581783, at *2 (S.D.N.Y. Dec. 30, 2015) (dismissing *pro se* complaint for want of prosecution after plaintiff failed to respond for six months).

Although the Second Circuit has concluded that dismissal under Rule 41(b) is a "harsh remedy to be utilized only in extreme situations," *LeSane v. Hall's Sec. Analyst, Inc.*, 239 F.3d 206, 209 (2d Cir. 2001) (quoting *Theilmann v. Rutland Hosp., Inc.*, 455 F.2d 853, 855 (2d Cir. 1972)), dismissal may be necessary "to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts," *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-30 (1962). In determining whether to dismiss an action for failure to prosecute under Rule 41(b), the Second Circuit has directed district courts to consider five factors:

> (1) the duration of the plaintiff's failure to comply with the court order, (2) whether [the] plaintiff was on notice that failure to comply would result in dismissal, (3) whether the defendants are likely to be prejudiced by further delay in the proceedings, (4) a balancing of the court's interest in managing its docket with the plaintiff's interest in receiving a fair chance to be heard, and (5) whether the judge has adequately considered a sanction less drastic than dismissal.

*Jefferson v. Webber*, 777 F. App'x 11, 14 (2d Cir. 2019) (quoting *Baptiste v. Sommers*, 768 F.3d 212, 216 (2d Cir. 2014) (alteration in original)). No single factor is dispositive. *Nita v. Connecticut Dep't of Envtl. Prot.*, 16 F.3d 482, 485 (2d Cir. 1994). Ultimately, the record must be viewed "as a whole" in order to determine whether dismissal is warranted. *United States ex rel. Drake v. Norden Sys., Inc.*, 375 F.3d 248, 254 (2d Cir. 2004) (citing *Peart v. City of New York*, 992 F.2d 458, 461 (2d Cir. 1993)).

The Second Circuit has cautioned that "district courts should be especially hesitant to dismiss for procedural deficiencies where, as here, the failure is by a *pro se* litigant." *Lucas v. Miles*, 84 F.3d 532, 535 (2d Cir. 1996). "However, even *pro se* litigants must prosecute claims diligently, and dismissal . . . is warranted where the Court gives warning." *Jacobs v. Cty. of Westchester*, No. 99-CV-4976, 2008 WL 199469, at *3 (S.D.N.Y. Jan. 22, 2008).

## ANALYSIS

The Court finds that dismissal of Plaintiff's action for failure to prosecute under Rule 41(b) is proper in this case. As to the first factor, Plaintiff has failed to respond to at least two separate orders over an approximately eight-month period. On August 25, 2020, the Court directed Plaintiff to file an amended complaint by September 25, 2020 to provide more detail to enable the NYAG to identify the John Doe Defendants that Plaintiff sought to sue herein. (Doc. 10). Receiving no response, the Court issued an Order to Show Cause on October 14, 2020, warning that the action would be dismissed for want of prosecution unless, on or before November 13, 2020, "Plaintiff show[ed] cause in writing . . . why this action should not be dismissed . . . ." (Doc. 11). On October 29, 2020, Plaintiff filed a letter advising that he wished to proceed with the action, and provided the name of a putative defendant, Sergeant Brown, who was not named as a defendant in Plaintiff's complaint. (Doc. 12). The Court directed the NYAG to review the information contained in

4

Plaintiff's letter, ascertain the identity and badge number of Sergeant Brown, and advise whether the information in Plaintiff's letter assisted in identifying any of the John Doe Defendants in Plaintiff's complaint. (Doc. 13). On December 16, 2020, the NYAG filed its response, advising that there was no such "Sergeant Brown" as described by Plaintiff employed at Downstate Correctional Facility; and that Plaintiff still did not provide enough detail to enable the NYAG to assist Plaintiff in identifying the John Doe Defendants. (Doc. 15). On December 18, 2020, the Court issued an Order directing Plaintiff to file an amended complaint by January 25, 2021 providing specific details such as the dates and times of the incidents alleged, the number of John Doe Defendants he seeks to name as defendants, and physical descriptions of the John Doe Defendants. (Doc. 16). The Court warned Plaintiff that failure to file an amended complaint supplying the necessary information may result in dismissal of his action. (*Id.*).

Plaintiff did not file any amended complaint, and having received no communication from Plaintiff, on February 18, 2021, the Court issued an Order to Show Cause warning that the action would be dismissed for want of prosecution unless, on or before March 18, 2021, "Plaintiff show[ed] cause in writing . . . why this action should not be dismissed . . . ." (Doc. 17). No response has been filed to date. Indeed, Plaintiff has not submitted anything to the Court since October 29, 2020. (Doc. 12).

The Court has advised Plaintiff on at least four occasions that he would need to provide more specific details about the dates and times that he is alleging that he was mistreated by the John Doe Defendants; the number of different nurses, correction officers and doctors he seeks to name as defendants in this lawsuit; and physical descriptions (including gender, height, approximate weight, hair color, skin tone, any other defining feature) of such John Doe Defendants. (Docs. 10, 11, 16, 17). The Court has also advised Plaintiff that failure to supply the

5

information necessary to aid in the determination of the identities of the John Doe Defendants may result in the dismissal of this action. (Docs. 10, 16, 17).

Plaintiff's failure to comply with the Court's Orders over eight months is sufficient to support dismissal. *See, e.g.*, *Balderramo v. Go New York Tour Inc.*, No. 15-CV-2326, 2019 WL 5682848, at *3 (S.D.N.Y. Nov. 1, 2019) ("In this Circuit, a delay of merely a matter of months may be sufficient to warrant dismissal under Rule 41.").

Second, Plaintiff has been warned that failure to comply with the Court's directives could result in dismissal of this action. (Docs. 10, 16, 17). Third, when a plaintiff's delay is "lengthy and inexcusable," prejudice can be presumed. *United States ex rel. Drake*, 375 F.3d at 256. The delay here in inexcusable: Plaintiff has not complied with the Court's directives and has not taken any steps to advance this matter despite multiple Orders directing him to do so.

Fourth, the Court has balanced the need to alleviate court congestion with a party's right to due process and determined that dismissal is appropriate. "[N]oncompliance with court orders undermines the ability of the Court to manage its docket and dispense justice to all litigants in an expeditious manner." *Mahoney v. City of New York*, No. 12-CV-6717, 2013 WL 5493009, at *2 (S.D.N.Y. Oct. 1, 2013). Since August 25, 2020, the Court directed Plaintiff four times to provide more detail to enable the NYAG to identify the John Doe Defendants that Plaintiff sought to sue herein, pressing Plaintiff to participate in this action. (Docs. 10, 11, 16, 17). Plaintiff has not complied and there is no reason to believe that he intends to pursue this action any further.

The Court has further "considered the possibility of a less drastic sanction than dismissal." *Kaplan v. Hezbollah*, 844 F. App'x 459, 460 (2d Cir. 2021). Where, as here, a plaintiff appears to have abandoned the litigation, dismissal is appropriate. *See Mena v. City of New York*, No. 15-CV-3707, 2017 WL 6398728, at *2 (S.D.N.Y. Dec. 14, 2017) (finding dismissal under Rule 41(b)

proper because, *inter alia*, "the Court is sufficiently persuaded that Plaintiff has abandoned this matter").

## **CONCLUSION**

Based upon the foregoing, and viewing the record in its entirety, the Court finds that dismissal of this action under Federal Rule of Civil Procedure 41(b) is appropriate. Accordingly, this action is DISMISSED without prejudice. The Clerk of the Court is respectfully directed to terminate this action and to mail a copy of this Order to Plaintiff.

SO-ORDERED:

Dated:  White Plains, New York
        August 19, 2021

_____
Philip M. Halpern
United States District Judge